OPINION
{¶ 1} Defendant-appellant Mark Peters appeals his conviction, sentence and classification as a sexual predator entered in the Stark County Court of Common Pleas on one count of rape and one count of gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 8, 2005, appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(c), and one count of gross sexual imposition, in violation of R.C.2907.05(A)(1).
 {¶ 3} On November 13, 2003, appellant was employed by Gabriel Brothers department store in North Canton, Ohio, as part of a four-week manager training program. The alleged victim, Ebony Carlisle, a nineteen year-old mentally handicapped female, worked as an associate in the children's department as part of a vocational rehabilitation program with her high school. Carlisle alleges: On the same date, appellant asked her if she would come to McDonald's with him during their meal break. After calling her mother on the phone, Carlisle declined the invitation. Later, appellant approached her and asked to show her something in the back of the store.
 {¶ 4} In the stock room, appellant grabbed her arm and led her into a separate warehouse. Appellant lifted her onto some boxes, took off her right shoe, unbuttoned her pants, and pulled her pants off her right leg. Appellant pulled down her underwear and began fondling her vagina, putting his finger inside. He then opened his pants, and had intercourse with her.
 {¶ 5} Carlisle testified at trial she asked appellant to stop because he was hurting her, and he told her to shut up. She testified he stopped, pulled her to her knees and forced her to perform fellatio on him. Carlisle pulled away telling him it was not right. She claims he told her to leave the room first so as not to look suspicious, and not to tell anyone. Carlisle eventually told her mother, who took her to the hospital and contacted the police.
 {¶ 6} On June 8, 2005, a jury found appellant guilty on both charges, and the trial court imposed the maximum ten year prison term for the rape conviction, and a concurrent twelve month sentence on the gross sexual imposition conviction. The trial court ordered the sentences be served concurrently. Following a hearing, the trial court classified appellant as a sexual predator.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE JURY'S VERDICTS OF GUILTY ON THE CHARGES OF RAPE AND GROSS SEXUAL IMPOSITION WERE INCONSISTENT WITH THE EVIDENCE PRESENTED IN COURT AND AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 9} "II. THE TRIAL COURT ERRED AS MATTER OF LAW WHEN IT SENTENCED APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT FOR THE RAPE CHARGE.
 {¶ 10} "III. THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 11} In the first assignment of error, appellant maintains his conviction is against the manifest weight and sufficiency of the evidence.
 {¶ 12} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v.Thompkins, 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 13} Appellant was convicted of rape in violation of R.C.2907.02(A)(1)(c):
 {¶ 14} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 15} * * *
 {¶ 16} "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 17} Appellant was also convicted of gross sexual imposition in violation of R.C. 2907.05(A)(1):
 {¶ 18} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 19} "(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force."
 {¶ 20} Appellant asserts the video surveillance tapes from the store demonstrate he was at the service desk during the time Carlisle alleges the incident took place. He notes Carlisle testified the incident occurred while she was on her lunch break, and the time clock records show she clocked out for lunch at 6:00 p.m. and back in at 6:36 p.m. Further, appellant cites the testimony of Brian Meyers, a store manager authenticating the video tapes showing appellant at the front desk at the time. Appellant also cites inconsistencies in Carlisle's testimony relative to her lunch break. Appellant maintains Carlisle did not look anxious or stressed in the video surveillance tapes for the remainder of the evening, despite being in proximity with appellant.
 {¶ 21} Appellant further asserts the indictment charged appellant in the alternative-either appellant engaged in sexual conduct with his victim when her ability to resist or consent was substantially impaired because of her mental condition or he knew or had reasonable cause to believe her ability to resist or consent was substantially impaired because of her mental condition, or he engaged in sexual conduct with her by purposely compelling her to submit by force or threat of force. Appellant argues the State failed to present evidence from which a jury could find appellant knew or should have known Carlisle was mentally or physically impaired, and failed to present evidence appellant forced Carlisle to engage in sexual contact by force or threat of force.
 {¶ 22} The State responds the force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relationship to each other. State v.Eskridge (1988), 38 Ohio St.3d 56. The force need not be overt and physically brutal, but can be subtle and psychological, as long as the victim's will was overcome by fear or duress. Id.
 {¶ 23} Upon review of the record, numerous witnesses testified as to Carlisle's apparent mental limitations. Her supervisor's testified the staff at the store was aware of her mental limitations, as they were obvious and evident.
 {¶ 24} In addition, Carlisle herself testified at trial she complied with appellant's orders and actions because she was frightened and afraid of him. She testified he told her to "shut up" during the incident, and not to tell anyone.
 {¶ 25} As to the video surveillance tapes, Brian Meyers testified the tapes may not be accurate. He further testified, the tapes demonstrated appellant and Carlisle were both absent from the store floor for twenty minutes prior to six o'clock.
 {¶ 26} In the case sub judice, the jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight or sufficiency of the evidence.
 {¶ 27} Appellant's first assignment of error is overruled.
 II {¶ 28} In the second assignment of error, appellant asserts the trial court erred as a matter of law in imposing the maximum prison term for the rape charge. In sentencing appellant, the trial court found appellant committed the worst form of the offense and was likely to re-offend, pursuant to R.C. 2929.14.
 {¶ 29} Recently, in State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 856, the Ohio Supreme Court found R.C. 2929 .14, which governs the imposition of maximum sentences, violates the principles announced by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2nd 403; therefore, is unconstitutional. Based uponFoster, we find appellant's sentence is deemed void. Accordingly, we sustain the assignment of error, vacate the sentence and remand the matter to the trial court for a new sentencing hearing.
 III {¶ 30} Appellant's third assignment of error argues his classification as a sexual predator is against the manifest weight of the evidence. We disagree.
 {¶ 31} R.C. Section 2950.09(B) governs the trial court's consideration in determining whether to classify an offender as a sexual predator:
 {¶ 32} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 33} "(a) The offender's or delinquent child's age;
 {¶ 34} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 35} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 36} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 37} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 38} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 39} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 40} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 41} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 42} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 43} Upon review of the record, the evidence presented at the sexual classification hearing demonstrated appellant committed a prior sexually oriented offense at the age of sixteen. In fact, appellant had been previously classified a sexual offender.
 {¶ 44} The trial court further considered the victim's age, mental ability, and threat of force when appellant told the victim to "shut up" and "don't tell anybody." The trial court concluded:
 {¶ 45} "Looking at the evidence that was received in trial, and based upon the standard, the clear and convincing, I believe that as indicated in my sentencing, that first Mr. Peters has already been classified as a sexual offender and is in the state a registered sex offender.
 {¶ 46} "This is his second offense. That's a significant factor. I do believe that Mr. Peters is likely to reoffend in the future. That is a factor that I am considering.
 {¶ 47} "Based on the facts of this case, based upon the factors under 2950.09, I'll declare Mr. Peters to be a sexual predator and will so designate him as such."
 {¶ 48} Based upon the above, we find the trial court's classification of appellant as a sexual predator is not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 {¶ 49} We affirm appellant's conviction and sexual predator classification in the Stark County Court of Common Pleas, and we reverse and remand the matter as to appellant's sentence in accordance with the law and this opinion.
Hoffman, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we affirm appellant's conviction and sexual predator classification in the Stark County Court of Common Pleas, and we reverse appellant's sentence. We remand the matter to the trial court for resentencing in accordance with the law and our opinion. Costs to be divided equally.